WILLIAM MIRIN, dba Strip Cab Company, and RAY M. CHENOWETH, dba Nellis Cab Company, Appellants, v. CHECKER INCORPORATED, a Nevada Corporation, Respondent.

No. 5808

October 22, 1969          459 P.2d 774

*Hilbrecht & Jones,* of Las Vegas, for Appellants.

*Wiener, Goldwater & Galatz* and *John Marshall,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This action was commenced on March 22, 1968, by Checker Incorporated against the Public Service Commission, Mirin and Chenoweth to set aside two orders of the Commission dated October 26, 1967, enlarging the service area within which Mirin and Chenoweth could operate their taxicab businesses. The district court nullified the orders of the Commission. Mirin and Chenoweth have appealed from that ruling.

The controlling issue is whether the district court action was timely filed within the intendment of NRS 704.540(1). This issue arises by reason of certain words contained in the orders of the Commission and in Rule 11.1 of the Commission regarding rehearings before that body as will be hereafter explained. We have concluded that judicial review was not timely sought, reverse the judgment entered below and reinstate the Commission's orders.

1. The mentioned statute requires commencement of the district court action "within 90 days." The instant action was not commenced within 90 days of the entry of the orders of the Commission on October 26, 1967. It is Checker's position that the 90-day limitation within which to seek judicial review did not commence to run until December 26, 1967, because the orders each provided that the enlargement of the service area within which Mirin and Chenoweth could operate their businesses "shall not become effective until December 26, 1967." From those words Checker postulates that the October 26 orders were ineffective for all purposes until December 26, 1967. The district court agreed with Checker on this point. We do not. The quoted words are referable only to the enlargement of the service area for Mirin and Chenoweth and have nothing to do with the time within which judicial review of the orders must be sought. Such review was immediately available after October 26. Had action been commenced before December 26, we are certain that it could not have been defeated upon the ground that it was prematurely commenced.

2. Checker sought a rehearing before the Commission. Its petitions therefor were filed January 25, 1968. Public

Service Commission Rule 11.1 provides that a petition for rehearing must be filed within 30 days after the effective date of the order. Checker's petitions were denied by the Commission as not timely since its orders were filed October 26, 1967. The Commission was correct. The "effective date" of the October 26 orders was October 26 for all purposes except the enlargement of the service area of Mirin and Chenoweth. Accordingly, neither rehearing before the Commission nor judicial review was in time.

Reversed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.