471 P.2d 428 (1970)
Gilbert GERBER, Appellant,
v.
Erbert HOMES, State Compensation Insurance Fund and Industrial Commission of Colorado, Appellees.
No. 70-153.
Colorado Court of Appeals, Div. I.
April 28, 1970.
*429 Hoyman & Starlin, James I. Shepard, Denver, for appellant.
Alious Rockett, Francis L. Bury, Feay Burton Smith, Jr., Denver, for appellees, Erbert Homes, State Compensation Insurance Fund.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for appellee, Industrial Commission of Colorado.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This is an appeal by the claimant, Gerber, from an order of a referee of the Department of Labor and Employment denying and dismissing his claim for compensation from the State Compensation Insurance Fund. The sequence of events leading to this appeal is as follows:
1. The claimant suffered a heart attack on September 16 or 17, 1968, and filed a claim on October 9, 1968 with the Industrial Commission.
2. The State Compensation Insurance Fund denied liability on November 8, 1968.
3. A referee of the Department of Labor and Employment, Division of Labor, after hearings were held, entered an order on July 29, 1969 denying Gerber's claim for compensation.
4. The referee entered a supplemental order reaffirming his previous order on February 16, 1970.
5. The claimant filed a complaint in the Court of Appeals against the appellees on March 5, 1970.
6. Appellees filed Motions to Dismiss the appeal in the Court of Appeals on March 17 and 26, alleging that this Court lacks jurisdiction over the matter due to the claimant's failure to follow the mandatory review procedure set out in CRS '63, Ch. 81.
CRS '63, 81-14-6(1), as amended, provides that "[a]ny party in interest who is dissatisfied with the award entered by the director [of the Division of Labor] or a referee may file a petition with the director to review such award. * * * If the director makes a supplemental order, * * * it shall be final unless a petition to review the same shall be filed with the [Industrial Commission]." The statute further provides [81-14-6(2)] that the Commission, upon receipt of a petition to review the referee's order, "shall review the entire record * * * and shall * * * enter *430 its award thereon. The award of the commission shall be final unless a petition to review same shall be filed by a party in interest."
CRS '63, 81-14-7, as amended, provides as follows:
"No action, proceeding, or suit to set aside, vacate, or amend any finding, order, or award of the director, or to enjoin the enforcement thereof, shall be brought unless the plaintiff shall have first applied to the commission for a review as provided in section 81-14-6, as amended. * * *"
Only after the Commission has been granted an opportunity to reconsider its finding, order or award may a dissatisfied party in interest commence an action in this Court to modify or vacate that decision under CRS '63, 81-14-8. Failure to observe every step prescribed for administrative review below deprives us of jurisdiction. As our Supreme Court stated in Industrial Commission v. Plains Utility Co., 127 Colo. 506, 515, 259 P.2d 282, 287, citing numerous other cases in support, "* * * in order to avail oneself of the provisions of the Workmen's Compensation Act the procedure for review of the referee's or Commission's finding or award must be followed, and, unless followed, the order or award of the referee or Commission may be not reviewed by this court."
In the instant case, the claimant filed his complaint in our Court upon the issuance of the referee's supplemental order of February 16, 1970. This was error, for he was required by CRS '63, 81-14-6 to file a petition for review with the Industrial Commission before seeking relief in this Court.
It is therefore ordered that the appellees' Motions to Dismiss be granted and the action be dismissed.
ENOCH and PIERCE, JJ., concur.