MR. CHIEF JUSTICE HODGES
delivered the opinion of the Court.
Section 24-4-106(4), C.R.S. 1973 (1976 Supp.) (a part of the Administrative Procedure Act) requires that any party adversely affected or aggrieved by any governmental agency action may seek judicial review but only if a complaint is filed by the party within 30 days after such agency action. Appellant Enriquez, who was dismissed from public employment, did not file her complaint within this time requirement. On appellees’ motion, the appellant’s complaint was dismissed by the trial court. We affirm the trial court’s judgment of dismissal.
The employment of appellant Enriquez was terminated at the La Plata County Department of Social Services. She appealed to appellee Merit System Council (Council) in accordance with subsections 26-1 - 120(2), (3), and (4), C.R.S. 1973. After a hearing, the dismissal was upheld by a hearing officer whose recommendation was sustained on August 10, 1976 by the Council.
On September 10, 1976, appellant filed with the district court of La Plata County a notice of appeal and a motion for a stay of appeal pending agency reconsideration. The stay was granted ex parte. The appellant’s request for reconsideration was denied by the Council on September 30, 1976.
On October 1, 1976, appellees filed motions for change of venue and for dismissal. Venue was changed to the district court for the City and County of Denver. Not until November 4, 1976 did appellant file a complaint seeking review of agency action.
Section 24-4-106(4), C.R.S. 1973 (1976 Supp.) specifies that any party aggrieved by any agency action may commence an action for *16 judicial review in the district court within 30 days. The appellant did not file a complaint until November 4, 1976, which was far more than 30 days after the effective date of the agency action sought to be judicially reviewed. The appellant’s failure to file her complaint within 30 days of the agency action deprives the district court of jurisdiction of the case, which was therefore properly dismissed by the district court. Industrial Commission v. Plains Utility Co., 127 Colo. 506, 259 P.2d 282 (1953) and Gerber v. Erbert Homes, 28 Colo. App. 210, 471 P.2d 428 (1970).
The appellant argues that her notice of appeal filed in the district court on September 10, 1976 was sufficient to satisfy the requirements of the statute and that this notice of appeal should, in effect, be regarded as the complaint. A similar argument was advanced in Trujillo v. Industrial Commission, 31 Colo. App. 297, 501 P.2d 1344 (1972) but was rejected by the court of appeals. It was therein held that the notice of appeal did not in any manner constitute the complaint as required by statute. The same rationale set forth in Trujillo v. Industrial Commission, supra, is applicable here. Furthermore, it should be noted that there is no authority in the State Administrative Procedure Act for filing a notice of appeal as a substitute for a complaint in the district court to initiate judicial review of agency action. The complaint as provided by statute requires specific allegations which are not contained in a notice of appeal.
Judgment affirmed.
MR. JUSTICE CARRIGAN does not participate.