CHECKER CAB COMPANY, APPELLANT, *v.* THE STATE OF NEVADA AND THE TAXICAB AUTHORITY OF THE STATE OF NEVADA, RESPONDENTS.

No. 12439

January 2, 1981                              621 P.2d 496

---

[5]The Governor designated The Honorable Peter I. Breen, Judge of the Second Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.

6

[Rehearing denied April 10, 1981]

*Reid & Alverson,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City, and *Mary Hyer,* Deputy Attorney General, Las Vegas, for Respondents.

## OPINION

By the Court, Mowbray, C. J.:

Checker Cab Company seeks judicial review of an allocation of new taxicab permits to the cab companies in Las Vegas by respondent Taxicab Authority. The district court dismissed the petition, holding that Checker was aggrieved by the administrative action, but that it could not obtain judicial review because it was not a party to the administrative proceeding. We reverse and remand with instructions.

### THE FACTS

In April, 1979, Sun Cab, Inc., dba Nellis Cab Company, submitted an application to the Taxicab Authority requesting an allocation of additional cabs. The Authority scheduled a hearing for August 21, 1979, and sent notice of the hearing to all the cab companies in Las Vegas, which stated that "all interested parties may appear and be heard." Appellant Checker was represented at the hearing, and the Authority noted the appearances of all the cab companies before the hearing began. Nellis Cab presented evidence in support of its application, and the Taxicab Authority staff also presented evidence. The Authority then asked if the other cab companies had evidence to submit, but the attorney for Nellis Cab objected to allowing any of the other companies to participate because they had not filed notices of intervention in the proceeding pursuant to the Taxicab Authority rules.[1] The Deputy

---

[1] The Taxicab Authority Rules of Practice and Procedure (General Order No. 1), Rule 5.1, provides:

Persons, other than the original parties to the proceeding, who are

Attorney General advising the Authority represented that the rule on intervention was mandatory, that the Taxicab Authority had no discretion to waive its rules, and that the other companies should not be allowed to participate. The Authority therefore did not take any evidence from the cab companies, and at the end of the hearing allocated four additional cabs to each of the companies in Las Vegas. Checker petitioned for judicial review in the district court, contending that the method of allocation was incorrect and that excluding it from participation in the hearing was improper. On the motion of the Taxicab Authority, the district court dismissed the petition, holding that although Checker was aggrieved by the administrative action it was not entitled to judicial review because it had not been a party to the administrative proceeding. Checker appeals.

### THE RIGHT OF REVIEW

Judicial review of administrative actions is available to "[a]ny party aggrieved by a final decision in a contested case," NRS 233B.130. The statute defines a party as "each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party." NRS 233B.035. All presumptions are in favor of a right to judicial review for those who are injured in fact by agency action. Kenney v. Hickey, 60 Nev. 187, 105 P.2d 192 (1940); Application of Bank of Rhame, 231 N.W.2d 801 (N.D. 1975). Allocation of new cabs to all the companies in Las Vegas, which acts to reduce the proportion of the total number of cabs which are held by Checker, clearly injures appellant in fact, and, as we have previously held, implicates valuable property rights. Checker Inc. v. Public Service Commission, 84 Nev. 623, 446 P.2d 981 (1968).

Respondent Taxicab Authority asserts that Checker cannot seek judicial review of the allocation decision because it did not participate in the hearing before the Authority. The record demonstrates that Checker was precluded from participating on the ground that it had not filed a notice of intervention. No authority has been cited to us, and none was cited before the

directly and substantially affected by the proceeding, shall serve notice on the Authority or administrator, of their intention to intervene by submitting a clear and concise statement, in writing, the interest of the petitioner in such proceeding, outlining the matters and things relied upon by the petitioner as the basis for his request, together with a statement as to the nature of evidence the petitioner will present.

Authority, that intervention in the proceeding on an application for an allocation is required to allow other cab companies to participate in the hearing. The Authority precluded the participation of Checker and the other cab companies on the strength of the Deputy Attorney General's representation that intervention was mandatory and that the Authority had no power to waive its own rules. The Taxicab Authority rules, however, clearly empower the Authority to waive procedural requirements, and provide for classes of participants in hearings other than intervenors.[2] The record demonstrates that the Authority never exercised its discretion to waive the rules or not, because of the representation that it had no discretion to do so. Under these circumstances, the Authority's refusal to accept relevant evidence and to accord the other cab companies affected by its action a reasonable opportunity to be heard, Gibbens Co. v. Archie, 92 Nev. 234, 548 P.2d 1366 (1976), render the Authority's action invalid as based upon unlawful procedure. NRS 233B.140(5)(c); Wadell v. Board of Zoning Appeals, 68 A.2d 152 (Conn. 1949). Where a procedural dereliction, as in this case, is relatively unimportant, and the rights of other parties to the agency proceeding are not prejudiced, substantial compliance with procedural requirements is adequate. *See* Humboldt L. & C. Co. v. District Court, 47 Nev. 396, 224 P. 612 (1924); Tafaro's Invest. Co. v. Division of Housing Improve., 259 So.2d 57 (La. 1972); Hertelendy v.

---

[2]Rule 1.3 of the Taxicab Authority Rules of Practice and Procedure provides:

> In cases, where good cause appears, not contrary to statute, the administrator or the Authority may permit deviation from these rules insofar as it may find compliance therewith to be impracticable or unnecessary.

Rule 3.1 provides, in pertinent part:

> . . . .
> *Interested party.* Shall be any person or persons who believe that they may be affected by a proceeding, but do not seek to participate in the proceeding.
> *Protestant.* Shall be any person or persons permitted to protest in opposition to applications or petitions.

Rule 4.1 provides:

> At any hearing, all parties named in Rule 3, except interested parties, shall be entitled to enter an appearance, to introduce evidence, examine and cross-examine witnesses, make arguments, and generally participate in the conduct of the proceeding. Interested parties who are or may be directly and substantially affected by the proceeding may enter an appearance, introduce evidence and, subject to the discretion of the Authority, may otherwise participate in the conduct of the proceeding.

*See also* Rule 6.9.

Montgomery County Board of Appeals, 226 A.2d 672 (Md. 1967).

Furthermore, by accepting the appearances of Checker and the other cab companies at the beginning of the hearing, the Authority effectively "admitted" them as parties to the administrative proceeding within the meaning of NRS 233B.035. *See* Taxicab Authority Rules of Practice and Procedure 4.1; Ketchikan Retail Liquor Dealers v. State, etc., 602 P.2d 434 (Alaska 1979). The fact that more significant participation was not allowed because of the Authority's erroneous view of its rules does not deprive appellant of its right to judicial review. Hertelendy v. Montgomery County Board of Appeals, *supra; see also* Abbott Laboratories v. Gardner, 387 U.S. 136 (1967). We conclude, therefore, that the action of respondent Taxicab Authority was made upon unlawful procedure and cannot stand. NRS 233B.140(5)(c).

Respondent contends that Checker cannot now contest the allocation of new cab medallions equally among existing companies, rather than in proportion to their present holdings, because the Authority adopted the policy in 1977, and Checker did not contest it then. This argument is meritless. The record is devoid of any indication that the Authority adopted this policy after formal rule making procedures of which appellant could seek judicial review, NRS 233B.040; 233B.110, nor is there any indication that the Authority is not free to change the method of allocation at any time.

Accordingly, the judgment of the district court dismissing appellant's petition for judicial review is reversed. The cause is remanded to the district court with directions to vacate the allocation order of the Taxicab Authority and to remand the cause to the Authority for a proper hearing.

GUNDERSON, MANOUKIAN, and BATJER, JJ., and BEKO, D. J.,[3] concur.

---

[3]The Governor commissioned The Honorable William P. Beko, District Judge, to sit in this case in place of JUSTICE GORDON THOMPSON. Nev. Const. art. 6, § 19; SCR 10.