PRIVATE INVESTIGATOR'S LICENSING BOARD, APPELLANT, *v.* NORMAN ATHERLEY, RESPONDENT.

No. 13659

December 9, 1982                    654 P.2d 1019

*Richard H. Bryan,* Attorney General, *Brooke A. Nielsen* and *Jane W. Nelson,* Deputy Attorneys General, Carson City, for Appellant.

*Reid and Alverson, Eric Taylor,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On February 13, 1981, Norman Atherley filed an application for a process server's license. He took and passed a written examination, and on April 29, 1981, he appeared for an oral

examination and interview before the Private Investigator's Licensing Board (hereinafter referred to as the "Board"). The Board determined that Atherley did not have the requisite experience for a process server's license, and the application was denied. Atherley petitioned the district court for review of the administrative decision, arguing that the Board abused its discretion and exercised its discretion in an arbitrary and capricious manner. The district court agreed, reversed the Board's decision, and ordered the Board to grant a license to Atherley. This appeal is from the district court's order. We reverse.

We must determine initially whether the district court had jurisdiction in this case. Pursuant to the Nevada Administrative Procedure Act (NRS Chapter 233B), not every administrative decision is reviewable. Instead, the district court has jurisdiction to review only "contested cases" in licensing matters. NRS 233B.130.[1] A "contested case" is defined as a proceeding in which the rights of a party are required by law to be determined after an opportunity for a hearing. NRS 233B.032;[2] *see also* NRS 233B.127(1).[3]

The procedures relating to process server licenses are contained in NRS Chapter 648. The statutes do not require notice and an opportunity for hearing prior to the Board's determination on an application for such a license. Thus, the Board's denial was not the result of a "contested case," and judicial review under the Administrative Procedure Act was not available. Southwest Gas Corp. v. Public Serv. Comm'n, 92 Nev. 48, 546 P.2d 219 (1976); *see* Capitol Hill Restoration Soc., Inc. v. Moore, 410 A.2d 184 (D.C.App. 1979); McAuliffe v. Carlson, 303 A.2d 746 (Conn. C.P. 1973).

Even if Atherley's petition for review is viewed as a petition for writ of mandamus, the petition fails on its merits. The issue

---

[1]NRS 233B.130(1) provides, in part, that

[a]ny party aggrieved by a final decision *in a contested case* is entitled to judicial review thereof under this chapter. (Emphasis added.)

[2]NRS 233B.032 provides as follows:

"Contested case" means a proceeding, including but not restricted to rate making and licensing, in which the legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for hearing, or in which an administrative penalty may be imposed.

[3]NRS 233B:127(1) provides as follows:

When the grant, denial or renewal of a license is required to be preceded by notice and opportunity for hearing, the provisions of this chapter concerning contested cases apply.

presented to the Board was whether Atherley's experience as a security guard qualified as equivalent process server's experience under NRS 648.110(1)(i).[4] The Board determined that Atherley's experience as a security guard was not the equivalent of process server's experience, and we perceive nothing arbitrary or capricious in that determination. *See* Kochendorfer v. Board of Co. Comm'rs, 93 Nev. 419, 566 P.2d 1131 (1977) (mandamus not available to control exercise of discretion unless arbitrary or capricious).

Accordingly, we reverse the order of the district court, and we remand with instructions to dismiss Atherley's petition for review.

Reversed and remanded.

---

[4]NRS 648.110(1)(i) provides that an applicant for a process server's license must have

> at least 2 years' experience as a process server, or the equivalent thereof, as determined by the board.