RICHARD P. CRANE, Jr., CHARLES R. ADKISSON, JEFF D. McCOLL, Jr., JACK STAFFORD, VINCENT M. HELM, JOE JAY, Trustees of the Southern Nevada Culinary and Bartenders Pension Trust, Appellants, v. CONTINENTAL TELEPHONE COMPANY OF CALIFORNIA dba Continental Telephone Company of Nevada, Respondent.

No. 19083

June 30, 1989                                    775 P.2d 705

[Rehearing denied August 22, 1989]

*McDonald, Carano, Wilson, Bergin, Frankovich & Hicks* and *Timothy E. Rowe,* Reno, for Appellants.

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell,* Carson City, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

This is an appeal from an order of the district court dismissing appellants' complaint with prejudice. Respondent Continental Telephone Company ("Continental") and the Southern Nevada Culinary and Bartenders Pension Trust's investment manager ("Pension Trust") entered into two contracts. Pursuant to these contracts, Continental agreed to install underground telephone cables at a development in Gardnerville. Subsequently, disputes arose between the parties regarding costs and refunds under the contract. Pension Trust filed a written complaint with the Public Service Commission ("PSC") by letter dated May 21, 1985. The PSC's staff reviewed the complaint and found that Pension Trust's claims were meritless. Pension Trust appealed the decision to the PSC. The PSC heard the matter on November 25, 1985. On December 17, 1985, the PSC issued an order dismissing Pension Trust's complaint. The PSC concluded that no probable cause existed for the complaint because Continental had not violated the terms of the contracts. Rather than seeking judicial review of the PSC decision within ninety days pursuant to NRS 703.373,[1] Pension Trust filed a complaint in district court on June 25, 1986, more than six months after the PSC's order was filed. On October 19, 1987, Continental filed a motion for summary judgment. In an order filed April 4, 1988, the district court held that Pension Trust had failed to satisfy the procedural and time requirements of NRS 703.373, and dismissed Pension Trust's complaint with prejudice, concluding that Continental's motion for summary judgment was moot. This appeal followed.

---

[1]NRS 703.373 provides, in relevant part:

    1. Any party of record to a proceeding before the commission is entitled to judicial review of the final decision.

    2. Proceedings for review may be instituted by filing a petition in the district court in and for Carson City, in and for the county in which the party resides, or in and for the county where the act on which the proceeding is based occurred. A petition must be filed within 90 days after the service of the final decision of the commission or, if a rehearing is held, within 30 days after the decision thereon. Copies of the petition must be served upon the commission and all other parties of record.

Pension Trust contends that the district court erred by holding its complaint was barred by res judicata. This contention is meritless. The district court found it unnecessary to determine whether Pension Trust was barred by res judicata. The district court dismissed Pension Trust's complaint because Pension Trust failed to satisfy the procedural and time requirements of NRS 703.373.

Pension Trust contends that the procedure used by the PSC denied it due process. Even assuming arguendo that the PSC denied Pension Trust due process, this contention lacks merit. Pension Trust filed a complaint in the district court, rather than a timely petition for judicial review. Courts have no inherent appellate jurisdiction over official acts of administrative agencies except where the legislature has made some statutory provision for judicial review. Lakeview Village, Inc. v. Bd. of Cty. Comm'rs, 659 P.2d 187 (Kan. 1983). NRS 703.373 specifies the procedure for seeking judicial review of a PSC order. It requires an aggrieved party to file a timely petition for judicial review. See NRS 703.373. When the legislature creates a specific procedure for review of administrative agency decisions, such procedure is controlling. Aleutian Homes v. Fischer, 418 P.2d 769 (Alaska 1966). Instead of filing a petition for judicial review of the PSC's order, Pension Trust filed a new complaint. Therefore, the district court lacked jurisdiction and properly dismissed Pension Trust's complaint. Furthermore, Pension Trust's complaint was untimely because it was filed on June 25, 1986, long after ninety days from the service of the PSC's order. Pension Trust's failure to file a petition for judicial review within ninety days of service of the PSC's order deprived the district court of jurisdiction. See NRS 703.373; Mirin v. Checker Inc., 85 Nev. 569, 459 P.2d 774 (1969) (decision based on former similar statute); Enriquez v. Merit System Council, 589 P.2d 492 (Colo. 1979). "The time for taking an administrative appeal, as prescribed by statute, is jurisdictional and delay beyond the statutory time is fatal." Lakeview Village, Inc., 659 P.2d 187, 193. Therefore, the district court did not err when it dismissed Pension Trust's complaint for want of jurisdiction.

Appellants' other contentions lacking merit, we hereby affirm the judgment of the district court.[2]

YOUNG, C. J., STEFFEN and SPRINGER, JJ., concur.

---

[2]THE HONORABLE ROBERT E. ROSE, Justice, did not participate in the decision of this appeal.