PARTRICK M. FITZPATRICK, Appellant, v. THE STATE OF NEVADA, ex rel., DEPARTMENT OF COMMERCE, INSURANCE DIVISION, Respondent.

No. 21356

July 2, 1991                    813 P.2d 1004

*Jeffrey Friedman,* Reno, for Appellant.

*Frankie Sue Del Papa,* Attorney General and *Melanie Foster,* Deputy Attorney General, Carson City, for Respondent.

---

[4]We express no opinion on the merits of appellant's petition.

## OPINION

*Per Curiam:*

The appellant, Patrick Fitzpatrick, began working for respondent State of Nevada Department of Commerce, Insurance Division (Insurance Division) on May 10, 1985.[1] He received "above-standard" and "standard" work performance evaluations from the Insurance Division in 1985, 1986 and the first half of 1987. However, on November 10, 1987, the Insurance Division charged Fitzpatrick with inexcusable neglect of duty and discourteous treatment of the public, and suspended him for three days without pay.[2] *See* NAC 284.650(7); NAC 284.650(4).

Approximately one year later, on November 8, 1988, the Insurance Division charged Fitzpatrick with insubordinate and disobedient behavior arising from an unauthorized, unreported two hour and twenty minute absence from work. *See* NAC 284.650(6); NAC 284.650(15). For this violation, Fitzpatrick's unauthorized leave time was deducted from his paycheck and he was suspended for four hours without pay. Fitzpatrick appealed this suspension to an administrative hearing officer.

Finally, on January 6, 1989, the Insurance Division charged Fitzpatrick with: (1) disgraceful personal conduct that impaired job performance or caused discredit to the Insurance Division; (2) discourteous treatment of the public or fellow employees while on duty; (3) incompetence or inefficiency; (4) inexcusable neglect of duty; and (5) unauthorized absence from duty or abuse of leave privileges. The discipline Fitzpatrick received for these infractions was termination. *See* NAC 284.650(2); NAC 284.650(4); NAC 284.650(5); NAC 284.650(7); NAC 284.650(15). A second appeal was taken to an administrative hearing officer who consolidated both of Fitzpatrick's pending appeals in one action. A three day administrative hearing was

---

[1]Prior to this time, Fitzpatrick had worked for various state agencies since 1972.

[2]Specifically, Fitzpatrick allegedly failed to promptly and appropriately respond to a private party's request for an advisory opinion.

held in November, 1989 and on February 9, 1990, the administrative hearing officer affirmed the Insurance Division's decision to terminate Fitzpatrick.

A petition for judicial review was timely filed with the district court pursuant to the requisites of NRS 233B.130(2)(c).[3] Thereafter, the Insurance Division filed a motion to dismiss the petition based upon Fitzpatrick's undisputed failure to timely file a memorandum of points and authorities in support of the petition. Fitzpatrick responded to the motion to dismiss with an assertion that he had good cause for filing his memorandum of points and authorities beyond the filing deadline. The matter was submitted to the district court judge who concluded that Fitzpatrick's failure to timely file the memorandum of points and authorities deprived the district court of jurisdiction to consider the timely filed petition for judicial review. We disagree with the district court's reasoning and, accordingly, we reverse.

In Crane v. Continental Telephone, 105 Nev. 399, 775 P.2d 705 (1989) we held that "[c]ourts have no inherent appellate jurisdiction over official acts of administrative agencies except where the legislature has made some statutory provision for judicial review." *Id.* at 401, 775 P.2d at 706. Therefore, the time allotted by statute for taking an administrative appeal is jurisdictional, and to invoke the appellate jurisdiction of the district court, a petition for judicial review must be timely filed. *Id.* However, if the petition for judicial review is timely filed, NRS 233B.133 allows the district court to accept a tardy memorandum of points and authorities in support of the petition.[4] Accordingly,

---

[3]NRS 233B.130(2)(c) provides:

2. Petitions for judicial review must:
. . .
(c) Be filed within 30 days after service of the final decision of the agency. Cross-petitions for judicial review must be filed within 10 days after service of a petition for judicial review.

[4]NRS 233B.133 provides in relevant part:

233B.133 Memoranda of points and authorities: Time for filing memorandum and reply; request for hearing; required form.
1. A petitioner or cross-petitioner who is seeking judicial review must serve and file a memorandum of points and authorities within 40 days after the agency gives written notice to the parties that the record of the proceeding under review has been filed with the court.
. . . .
6. *The court, for good cause, may extend the times allowed in this section for filing memoranda.*

(Emphasis added.) In deference to the district court's ruling, we note that counsel for both parties failed to direct the district court's attention to the referenced paragraph (6) which is obviously dispositive concerning the jurisdiction issue.

the district court erred when it concluded it was without jurisdiction to consider the merits of Fitzpatrick's claim that he had good cause for filing a tardy memorandum of points and authorities in support of the timely filed petition for judicial review. We reverse and remand this matter back to the district court for further consideration.

MOWBRAY, C. J., SPRINGER, STEFFEN and YOUNG, JJ., and LANE, D. J.,[5] concur.