133 Nev., Advance Opinion 100

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, DIVISION OF
PUBLIC AND BEHAVIORAL HEALTH
MEDICAL MARIJUANA
ESTABLISHMENT PROGRAM,
Appellant,
vs.
SAMANTHA INC., D/B/A SAMANTHA'S
REMEDIES, A DOMESTIC
CORPORATION,
Respondent.

No. 71123

FILED

DEC 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition for judicial review. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

*Vacated and remanded.*

Adam Paul Laxalt, Attorney General, and Linda C. Anderson, Chief Deputy Attorney General, Carson City,
for Appellant.

Cooper Levenson, P.A., and Kimberly R. Maxson-Rushton, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PICKERING, J.:

The Nevada Department of Health and Human Services appeals from an order granting the petition for judicial review filed by respondent Samantha Inc. under NRS Chapter 233B, the Nevada Administrative Procedure Act (APA). NRS 233B.130 limits the right to petition for judicial review under the APA to "contested cases." Because the application process provided by NRS 453A.322 does not constitute a contested case as defined by NRS 233B.032, the district court did not have authority to grant APA-based relief. We therefore vacate the district court's order granting the petition for judicial review and remand with instructions to grant the Department's motion to dismiss Samantha's petition for judicial review.

## I.

The Division of Public and Behavioral Health, Medical Marijuana Establishment Program is a part of Nevada's Department of Health and Human Services. The Department evaluates applications to operate medical marijuana dispensaries and issues "registration certificates" to successful applicants. NRS 453A.322 (governing the registration of medical marijuana establishments); *see* NRS 453A.116(4) (including medical marijuana dispensaries in the definition for "medical marijuana establishment"). A "[m]edical marijuana establishment registration certificate" is "a registration certificate that is issued by the Department pursuant to NRS 453A.322 to authorize the operation of a medical marijuana establishment." NRS 453A.119. The Department accepts applications for registration certificates once a year over the course of 10 business days. NRS 453A.324(5). The Department can issue up to 40

 

certificates for Clark County dispensaries, NRS 453A.324(1)(a), but only 12 of those certificates can be allotted to establishments located in the City of Las Vegas. NRS 453A.326(1).[1]

The Department evaluates and ranks applications according to considerations set forth in NRS 453A.328 and accompanying regulations. *See* NRS 453A.322; NRS 453A.328; NRS 453A.370; *see also* NAC 453A.306; NAC 453A.310; NAC 453A.312(1). The highest scoring applicants receive registration certificates until the available permits are exhausted. NAC 453A.310(1); NAC 453A.312(1). Samantha submitted an application, but its score did not rank high enough to receive a Las Vegas registration certificate.

Samantha petitioned for judicial review of the Department's decision not to issue it a registration certificate. Its petition was based exclusively on the Nevada Administrative Procedure Act, stating: "This Petition for Judicial Review is filed pursuant to [NRS] 233B.130, which provides for judicial review of contested final decisions in Administrative Agency Cases. *See*, NRS 233B.032." Only the Department, not any of the other applicants, was named as the respondent.

In response, the Department moved to dismiss, arguing that the APA only affords judicial review in contested cases, which the marijuana dispensary application process does not involve. The district court denied the Department's motion and ordered the Department to submit its confidential protocols for reviewing applications. The district court then re-reviewed Samantha's application and concluded that the Department's

---

[1]The Legislature amended NRS Chapter 453A effective July 2017. Unless otherwise specified, this opinion refers to the 2014 version of Chapter 453A.

scoring of Samantha's application was not based on substantial evidence and that the Department's application process, particularly its review of Samantha's application, was arbitrary and capricious. In its order granting judicial review, the district court directed the Department to reevaluate Samantha's application using criteria different from those used for other applicants and to issue a registration certificate to Samantha if the revised score placed Samantha in the top 12 Las Vegas applicants.

The Department appeals, challenging both the district court's denial of its motion to dismiss and its decision on the merits. We sustain the Department's challenge to the district court's denial of its motion to dismiss and vacate the district court's decision on that basis, without reaching the merits.

## II.

### A.

A party seeking to challenge an administrative agency's decision may pursue such judicial review as is available by statute or, if appropriate, equitable relief. *Compare Crane v. Cont'l Tel. Co.*, 105 Nev. 399, 401, 775 P.2d 705, 706 (1989) ("Courts have no inherent appellate jurisdiction over official acts of administrative agencies except where the legislature has made some statutory provision for judicial review."), *with* Richard J. Pierce Jr., *Administrative Law Treatise*, 1700 (5th ed. 2010) ("[Equitable remedies] have become the most common nonstatutory remedies for unlawful agency action."). The availability of a legal remedy depends on the statutes comprising the jurisdiction's Administrative Procedure Act and the agency-specific statutes involved. *Crane*, 105 Nev. at 401, 775 P.2d at 706 ("When the legislature creates a specific procedure for review of administrative agency decisions, such procedure is controlling."); *see Mineral Cty. v. State, Bd. of Equalization*, 121 Nev. 533,

536, 119 P.3d 706, 707-08 (2005) (harmonizing judicial review provisions in Nevada APA and NRS Chapter 361). Equitable remedies, such as declarative and injunctive relief, or a petition for mandamus, may be available "in the discretion of the court and only when legal remedies, such as statutory review, are not available or are inadequate." Pierce, *supra*, at 1701.

Samantha challenged the denial of its medical marijuana registration certificate in the district court through a petition for judicial review pursuant to Nevada's APA, NRS Chapter 233B. The procedures and requirements that apply to a petition for judicial review under the APA are set out specifically in NRS Chapter 233B and include directions for joinder of parties, NRS 233B.130(2)(a); transmittal of the agency record, NRS 233B.131; and the scope and extent of available judicial review, NRS 233B.135. Because Samantha did not seek equitable or declaratory relief from the district court, we evaluate this appeal solely on the basis of Samantha's entitlement to judicial review under the APA and the laws governing medical marijuana, NRS Chapter 453A.

## B.

NRS 233B.130 provides that a party is entitled to judicial review of an administrative decision when identified as a party of record by an agency and aggrieved by a final decision in a contested case. The Department argues that its decision to deny Samantha a certificate of registration for a medical marijuana establishment did not result from a contested case, so the district court lacked the authority to consider Samantha's petition for judicial review. Samantha responds that nothing suggests the Legislature intended to preclude judicial review, citing federal cases that establish a "presumption of availability" of judicial review of

 

agency decisions. *E.g., Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). But, with the exception of *Checker Cab Co. v. State*, Nevada has not endorsed this presumption. *Compare* 97 Nev. 5, 8, 621 P.2d 496, 498 (1981) ("All presumptions are in favor of a right to judicial review for those who are injured in fact by agency action."), *with Private Investigator's Licensing Bd. v. Atherley*, 98 Nev. 514, 515, 654 P.2d 1019, 1020 (1982) ("Pursuant to the [APA], not every administrative decision is reviewable.").

NRS 233B.130(1)(a) affords a right of judicial review to a party of record in an administrative proceeding who is "[a]ggrieved by a final decision in a contested case." NRS 233B.032 defines a contested case as:

> a proceeding, including but not restricted to rate
> making and licensing, in which the legal rights,
> duties or privileges of a party are required by law
> to be determined by an agency after an opportunity
> for hearing, or in which an administrative penalty
> may be imposed.

Giving NRS 233B.130 and NRS 233B.032 their plain meaning, only final agency decisions from a proceeding requiring an opportunity for a hearing or imposing an administrative penalty are judicially reviewable contested cases. *See Westpark Owners' Ass'n v. Eighth Judicial Dist. Court*, 123 Nev. 349, 357, 167 P.3d 421, 427 (2007) ("When the language of a statute is unambiguous, the courts are not permitted to look beyond the statute itself when determining its meaning.").

This court previously held that when the statutory scheme governing an administrative proceeding fails to require notice and opportunity for a hearing, the agency's final decision in that proceeding was not made in a contested case and thus was not subject to judicial review. *See Citizens for Honest & Responsible Gov't v. Sec'y of State*, 116 Nev. 939,

952, 11 P.3d 121, 129 (2007) (statutes governing Secretary of State's review of recall petition did not require notice or hearing, thus decision was not reviewable under the APA as a contested case); *State of Nevada, Purchasing Div. v. George's Equip. Co.*, 105 Nev. 798, 804, 783 P.2d 949, 953 (1989) (statute providing discretionary hearing within 10 days of unsuccessful bid to purchase property from the State did not create a contested case); *Atherley*, 98 Nev. at 515, 654 P.2d at 1020 (denial of private investigator's license was not a contested case because no notice or hearing was required before decision). This court is "loath to depart from the doctrine of stare decisis and will overrule precedent only if there are compelling reasons to do so." *City of Reno v. Howard*, 130 Nev. 110, 113-14, 318 P.3d 1063, 1065 (2014) (internal quotations omitted).

The Legislature codified this interpretation in the context of judicial review of licensing procedures[2] at NRS 233B.127 (2009), which provides "[w]hen the grant, denial or renewal of a license is required to be preceded by notice and opportunity for hearing, the provisions of this chapter concerning contested cases apply." The Legislature amended this statute in 2015, further clarifying that NRS 233B.130 "do[es] not apply to the grant, denial or renewal of a license unless notice and opportunity for hearing are required by law to be provided to the applicant before the grant, denial or renewal of the license." While this amendment post-dates and does not apply to Samantha's case, it supports our interpretation of NRS

---

[2]NRS 223B.034 defines "license" as "the whole or part of any agency permit, certificate, approval, registration, charter or similar form of permission required by law." Samantha applied for a certificate of registration for a medical marijuana establishment pursuant to NRS 453A.322. Thus, the provisions in NRS Chapter 233B governing licenses apply.

223B.130. 2B Norman J. Singer & Shambie Singer, *Sutherland Statutory Construction* § 49.8 (7th ed. 2014) ("Where a statute has received a contemporaneous and practical interpretation, and is then reenacted as interpreted, the interpretation carries great weight.").

Therefore, the APA only provides for judicial review under NRS 233B.130 of final agency decisions in contested cases. While this creates a gap in the availability of judicial review for exercises of agency authority, this is well-established as legislative prerogative. *See* Pierce, *supra*, at 1578 ("Except in the context of constitutional rights, the role of the courts is to enforce and to render more effective the limits on administrative discretion created by the politically accountable Branches of government to the extent that those Branches have requested the assistance . . . ."); *see also Dalton v. Specter*, 511 U.S. 462, 465-66 (1994) (military base closing decisions under the Defense Base Closure and Realignment Act committed to the President's unreviewable discretion); *Roberts v. R.R. Ret. Bd.*, 346 F.3d 139, 140-41 (5th Cir. 2003) (railroad retirement board's refusal to reopen a prior claim is not reviewable because statute only provides review to "any final decision . . . made after a hearing," joining the Fourth, Sixth, Seventh, and Tenth Circuits).

When Nevada adopted its APA in 1965, it drew from the 1961 Model State Administrative Procedure Act. *See* Model State Admin. Procedure Act of 1961, 15 U.L.A. 181 (2000) (amended 1981, 2010) ("[T]he Nevada act is a substantial adoption of the major provisions of the Revised 1961 Model State Administrative Procedure Act"). Later versions of the Model State Administrative Procedure Act have addressed the unreviewable agency discretion created by the prerequisite of a contested case to judicial review. Model State Admin. Procedure Act § 5-106, 15

U.L.A. 125 cmt. (1981) ("[The 1961 Act] did not address the question of standing to seek judicial review of agency action that is neither a rule nor a contested case decision. This Act provides a single type of judicial review of agency action."); Model State Admin. Procedure Act § 501, 15 U.L.A. 66 (2010) (providing judicial review for "final agency action"). And other jurisdictions have adopted statutes providing for judicial review of "uncontested cases." *See* Iowa Code § 17A.19 (2017); Mo. Rev. Stat. § 536.150 (2017); Or. Rev. Stat. § 183.484 (2017); Wyo. R. App. P. 12.04 (2017); *cf. Mich. Ass'n of Home Builders v. Dir. of Dep't of Labor & Econ. Growth*, 750 N.W. 2d 593, 498 (Mich. 2008) (recognizing that pursuant to Michigan Compiled Laws § 24.203(3)'s definition of contested case, "a non-contested case would therefore encompass administrative determinations that do not fall within the definition of a contested case," and providing judicial review of a non-contested case).

Because Nevada has not amended its APA, our law grants a district court authority to consider a petition for judicial review only from a final decision in a contested case. Stare decisis and NRS 233B.032's plain language compel this interpretation, and we cannot justifiably alter it. The question, then, is whether the application process to receive a certificate of registration for a medical marijuana establishment amounts to a contested case.

## C.

NRS Chapter 453A and NAC 453A.300-.352 provide the statutory provisions and regulations governing the registration of medical marijuana establishments. The Department argues that the application process to receive a registration certificate for a medical marijuana establishment is not a contested case because it does not require notice and

Supreme Court
of
Nevada

(O) 1947A

an opportunity for a hearing. Samantha argues that the Legislature's express grant of judicial review in provisions like NRS 453A.210(6), regarding individual applications for a medical marijuana identification card, indicates the Legislature's intent to provide judicial review for the medical marijuana establishment registration certificates.

The statutory and regulatory provisions governing medical marijuana establishments do not envision any form of hearing regarding the Department's decisions reviewing and ranking registration certificate applications. *See* NRS 453A.322-.344; NAC 453A.300-.352. Instead, NRS Chapter 453A provides judicial review in just two circumstances: (1) the denial of a petition to the Department to add a disease or condition that qualifies for medical marijuana treatment, NRS 453A.710; and (2) the denial of an application for an individual medical marijuana identification card, NRS 453A.210(6). This limited designation of judicial review indicates the Legislature precluded judicial review for all other decisions under NRS Chapter 453A, except those that are contested cases. *See* 2A Norman J. Singer & Shambie Singer, *Sutherland Statutory Construction* § 47.23 (7th ed. 2014) (under the canon of construction *expressio unius est exclusio alterius*, courts should infer that omissions were purposeful).

The Legislature created NRS Chapter 453A long after the APA. Because this court "assumes that, when enacting a statute, the Legislature is aware of related statutes," and NRS Chapter 453A references review under the APA, *see* NRS 453A.210, the Legislature's exclusion of judicial review for a registration certificate in NRS Chapter 453A appears deliberate. *City of Sparks v. Reno Newspapers, Inc.*, 133 Nev., Adv. Op. 56, 399 P.3d 352, 356 (2017). Had the Legislature wanted to provide for judicial review of the registration certificate process, it needed to address such

matters as notice and the opportunity to be heard, *see* NRS 233B.121(1) & (2), the creation of a reviewable record, *see* NRS 233B.121(7), the issuance of a final agency decision, *see* NRS 233B.125, and the parties required to be included as respondents in district court, *see* NRS 233B.130(2), none of which it did.

## III.

Our holding that a disappointed applicant for a medical marijuana establishment registration certificate does not have a right to judicial review under the APA or NRS Chapter 453A does not place the Department's processes beyond the reach of the judiciary. As the Department itself acknowledges, other forms of judicial relief, including but not limited to mandamus and declaratory relief, may be available if warranted. *See Atherley*, 98 Nev. at 515-16, 654 P.2d at 1020 (considering whether the disappointed license applicant demonstrated his entitlement to mandamus, even though his license application did not qualify as a contested case that supported judicial review under the APA); *George's Equip. Co.*, 105 Nev. at 804, 783 P.2d at 953 (affirming district court's decision denying judicial review under the APA and independently reviewing its decision to grant injunctive relief). The problem in this case is that the district court—and Samantha—proceeded exclusively under the provision NRS Chapter 233B makes for judicial review of a final decision in a contested case. Thus, we do not have in this case, as we did in *Atherley* or *George's Equipment*, a record by which to evaluate whether alternative relief by way of declaratory judgment, mandamus, or some other means may be warranted.

In sum, the APA does not afford Samantha the right of review it sought, and Samantha did not plead or establish a basis for declaratory, mandamus, or other equitable relief. We therefore vacate the judgment of

the district court and remand this matter to the district court with instructions to grant the Department's motion to dismiss Samantha's petition for judicial review.

_____, J.
Pickering

We concur:

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A