135 Nev., Advance Opinion 40

## IN THE SUPREME COURT OF THE STATE OF NEVADA

SPAR BUSINESS SERVICES, INC.,
Appellant,
vs.
RENEE OLSON, ADMINISTRATOR OF
THE EMPLOYMENT SECURITY
DIVISION; STATE OF NEVADA,
DEPARTMENT OF EMPLOYMENT,
TRAINING & REHABILITATION,
EMPLOYMENT SECURITY DIVISION;
AND KATIE JOHNSON, IN HER
CAPACITY AS CHAIRPERSON OF THE
EMPLOYMENT SECURITY DIVISION
BOARD OF REVIEW,
Respondents.

No. 75783

**FILED**

SEP 05 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK



Appeal from a district court order dismissing a petition for judicial review in an unemployment compensation matter. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

*Affirmed.*

Bongiovi Law Firm, LLC, and Gina J. Bongiovi, Las Vegas; Fabyanske, Westra, Hart & Thomson, P.A., and Thomas J. Vollbrecht, Minneapolis, Minnesota,
for Appellant.

Troy Curtis Jordan, Senior Legal Counsel, State of Nevada Employment Security Division, Carson City,
for Respondents.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

19-37107

## OPINION

By the Court, STIGLICH, J.:

NRS Chapter 233B provides a mechanism for a party aggrieved by a final administrative decision to petition a district court for judicial review. A party seeking judicial review of an administrative decision must strictly comply with that chapter's jurisdictional requirements. In this case, appellant timely filed a petition for judicial review of an administrative decision. Pursuant to NRS 233B.130(5), appellant then had to serve the petition within 45 days. Appellant neglected to do so, leading the district court to dismiss the petition. This appeal presents an issue of first impression: whether the untimely service of a timely filed petition for judicial review is a jurisdictional defect mandating dismissal. We hold that the 45-day service requirement in NRS 233B.130(5) is not a jurisdictional requirement because the statute affords the district court discretion to extend the time frame upon a showing of good cause. Here, however, because appellant did not demonstrate good cause for the late service, we affirm the district court's order dismissing the petition.

## BACKGROUND

In 2006, Michael DeBoard filed a claim for unemployment insurance benefits with respondent State of Nevada, Department of Employment, Training, and Rehabilitation, Employment Security Division (ESD) and named appellant Spar Business Services, Inc. (Spar) as his employer.[1] This claim sparked a broader ESD investigation as to whether DeBoard and other similarly situated individuals who provided merchandising services to Spar were independent contractors or employees

---

[1]This opinion refers collectively to all respondents as "the ESD."

SUPREME COURT
OF
NEVADA

(O) 1947A




of Spar subject to assessment under Nevada law. Following a series of administrative appeals brought by Spar, the ESD Administrator entered a determination that Spar was required to report all individuals as employees and pay contributions to the ESD. Spar timely appealed, and the ESD Board of Review affirmed this determination in April 2017. The ESD decision became final on May 5, 2017.

Spar timely filed its petition for review in district court on May 15, 2017. Pursuant to NRS 233B.130(5), Spar then had 45 days to serve the petition for review on the ESD. But Spar did not serve the petition on the ESD until July 14, 2017—15 days *after* the 45-day deadline under NRS 233B.130(5) had passed.[2] The ESD moved to dismiss Spar's petition based upon Spar's failure to timely serve the petition pursuant to NRS 233B.130(5), which the ESD contended deprived the district court of subject matter jurisdiction. The district court granted the ESD's motion to dismiss Spar's petition, finding that Spar did not effect service within the requisite 45-day deadline and did not show good cause to extend the service deadline pursuant to NRS 233B.130(5).

## DISCUSSION

Spar claims the district court erred in dismissing its petition for judicial review because NRS 233B.130(5)'s 45-day service period is not jurisdictional and because Spar established good cause for an extension. Whether NRS 233B.130(5)'s service requirement is jurisdictional implicates an issue of statutory construction, which we review de novo. *Washoe Cty. v. Otto*, 128 Nev. 424, 431, 282 P.3d 719, 724 (2012) (applying de novo review when construing a statute and when determining subject matter

---

[2]It appears from the record that Spar had requested the ESD accept service in early July and the ESD refused.

jurisdiction). Conversely, we review a district court's good cause determination for an abuse of discretion. *See Heat & Frost Insulators & Allied Workers Local 16 v. Labor Comm'r*, 134 Nev. 1, 5, 408 P.3d 156, 160 (2018).

*Service within 45 days of a timely filed petition is not a jurisdictional requirement*

To obtain review of an ESD decision, a petitioner must proceed under NRS Chapter 612, which governs claims for unemployment benefits. *Cf.* NRS 612.010. Though special provisions of NRS Chapter 612 prevail where applicable, NRS 233B.039(3)(a), Nevada's Administrative Procedures Act (NAPA), codified as NRS Chapter 233B, sets forth the procedural requirements for judicial review of administrative agency actions generally, NRS 233B.020(1). NRS Chapter 612 requires service of a petition for judicial review contesting an award subject to its provisions, but is silent regarding the timing of service. NRS 612.530(2). Accordingly, we look to the relevant procedures set forth in NRS Chapter 233B.

Pursuant to NRS 233B.130(1), an aggrieved party may petition a district court for judicial review of a final administrative decision—so long as the decision is challengeable under and challenged according to NAPA. *Otto*, 128 Nev. at 431, 282 P.3d at 724-25. A party petitioning for judicial review of an administrative decision must strictly comply with the NAPA's jurisdictional requirements. *Kame v. Emp't Sec. Dep't*, 105 Nev. 22, 25, 769 P.2d 66, 68 (1989). NRS 233B.130(2) mandates who must be named as respondents to a petition for judicial review, where the petition must be filed, who must be served with the petition, and the time for filing the petition in the district court. Because NRS 233B.130(2) is silent on the court's authority to excuse noncompliance with those requirements, we have determined that the statute's plain language requires strict

compliance and have held the requirements in NRS 233B.130(2) to be jurisdictional. *Heat & Frost*, 134 Nev. at 4-5, 408 P.3d at 159-60. Conversely, NRS 233B.130(5) expressly grants the district court authority to consider whether there is good cause to extend the time to serve the petition. Specifically, NRS 233B.130(5) provides that "the petition for judicial review . . . must be served upon the agency and every party within 45 days after the filing of the petition, *unless, upon a showing of good cause, the district court extends the time for such service.*" (Emphasis added.) Accordingly, NRS 233B.130(5) authorizes a district court to use its discretion to determine whether there was good cause for any delay in service. This authorization is notably absent in NRS 233B.130(2). As such, NRS 233B.130(5)'s plain language illustrates that the time for serving a petition for judicial review, unlike the requirements listed under NRS 233B.130(2), is not a jurisdictional requirement. *See Cromer v. Wilson*, 126 Nev. 106, 109, 225 P.3d 788, 790 (2010) (interpreting clear and unambiguous statutes based on their plain meaning).

This reading is further supported by our holding in *Fitzpatrick v. State ex rel. Department of Commerce, Insurance Division*, 107 Nev. 486, 813 P.2d 1004 (1991). In *Fitzpatrick*, we concluded that the requirement in NRS 233B.133 for filing a memorandum of points and authorities in support of a timely filed petition for judicial review is not jurisdictional. *See id.* We noted that a petition for judicial review must be timely filed to invoke the district court's jurisdiction, but "if the petition for judicial review is timely filed, NRS 233B.133 allows the district court to accept a tardy memorandum of points and authorities in support of the petition." *Id.* at 488, 813 P.2d at 1005. Similar to the extension of the service deadline for good cause allowed by NRS 233B.130(5), NRS 233B.133(6) provides that "[t]he court, for good

SUPREME COURT
OF
NEVADA

(O) 1947A

cause, may extend the times allowed in this section for filing memoranda [of points and authorities]." We see no reason to treat NRS 233B.130(5) differently from NRS 233B.133(6). Thus, we conclude the 45-day period for service of a timely filed petition for judicial review under NRS 233B.130(5) is not a jurisdictional requirement, and therefore dismissal of a timely filed petition for untimely service is not mandatory where the district court finds good cause is shown to extend the service deadline. Accordingly, we must now determine whether the district court abused its discretion in determining Spar did not demonstrate good cause to extend the time to serve the petition.

*Good cause consideration*

As a preliminary matter, Spar argues the district court never considered whether there was good cause to extend the service deadline, and thereby abused its discretion in dismissing the petition. This is belied by the record. Spar contends, as it did below, that it demonstrated good cause because it mistakenly relied upon the 120-day period for service of process under NRCP 4(i).[3] Spar's mistake ostensibly stemmed from NRS 233B.039(3)'s language providing that NRS Chapter 612 prevails over the general provisions of NRS Chapter 233B with respect to petitions for judicial review of ESD decisions, coupled with NRS Chapter 612's silence as to the time period for serving such petitions. *Cf.* NRCP 81(a) (providing that Nevada Rules of Civil Procedure do not take precedence over contrary procedural rules in special statutory proceedings). Additionally, Spar

---

[3]NRCP 4(i) was amended as NRCP 4(e) in 2019. ADKT No. 522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, December 31, 2018).

argues it was waiting for its out-of-state counsel to be given pro hac vice status before serving the ESD. On these premises and because Spar's mistake did not prejudice the ESD, Spar posits the district court should have found there was good cause to extend the service deadline.

In evaluating a motion to dismiss a timely filed petition for failure to timely serve the petition, a district court is required to consider whether there is good cause to extend the service deadline if the petitioner asserts such cause exists. *See Heat & Frost*, 134 Nev. at 5, 408 P.3d at 160 (concluding that the district court had jurisdiction to determine whether good cause warranted extending time to serve a petition for judicial review); *Fitzpatrick*, 107 Nev. at 489, 813 P.2d at 1006 (holding the district court erred in concluding it lacked jurisdiction to consider a petition without considering "the merits of [the petitioner's] claim that he had good cause for filing a tardy memorandum of points and authorities in support of the timely filed petition for judicial review").[4] The record reflects the district court considered good cause here. The district court noted that both of Spar's attorneys, the out-of-state counsel and local counsel of record, previously complied with the service requirements for a petition for judicial review in a different case representing Spar. Further, the register of actions demonstrates that the motion to associate Spar's out-of-state counsel was filed after this service, undermining Spar's argument that it was waiting

---

[4]We reject Spar's contention that a district court is required to follow the framework as set forth in *Scrimer v. Eighth Judicial District Court*, 116 Nev. 507, 516, 998 P.2d 1190, 1195-96 (2000), in evaluating good cause under NRS 233B.130(5), as *Scrimer* applies to the service deadline for a complaint in a civil action.

The parties do not raise and this opinion does not address whether service of a petition for judicial review must accord with NRCP 4.

for its out-of-state counsel to be approved prior to serving the ESD in the underlying matter. The district court did not abuse its discretion in finding Spar failed to demonstrate good cause to extend the period to serve the petition and accordingly granting the ESD's motion to dismiss. *See Leavitt v. Siems*, 130 Nev. 503, 509, 330 P.3d 1, 5 (2014) ("An abuse of discretion occurs when no reasonable judge could reach a similar conclusion under the same circumstances.").

## CONCLUSION

We hold that, by its plain language, the 45-day service deadline for timely filed petitions for judicial review set forth in NRS 233B.130(5) is not a jurisdictional requirement because the statute grants the district court authority to extend the deadline for good cause. Because, however, we find the district court did not abuse its discretion in finding Spar failed to show good cause here and denying Spar an extension of time to serve the petition, we affirm the district court's order dismissing Spar's petition for judicial review.

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Silver