136 Nev., Advance Opinion 37

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA, DEPARTMENT OF CORRECTIONS, Appellant, vs. PATRICIA DEROSA, AN INDIVIDUAL, Respondent. | No. 77704 **FILED** JUL 09 2020 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a district court order dismissing a petition for judicial review. First Judicial District Court, Carson City; James Todd Russell, Judge.

*Reversed and remanded.*

Aaron D. Ford, Attorney General, Cameron P. Vandenberg, Chief Deputy Attorney General, Jeffrey M. Conner, Deputy Solicitor General, and Scott H. Husbands, Deputy Attorney General, Carson City, for Appellant.

Patricia DeRosa, Carson City, in Pro Se.

_____

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

*OPINION*

By the Court, PARRAGUIRRE, J.:

NRS 233B.130, part of the Nevada Administrative Procedure Act, provides for judicial review of a final judgment in an administrative proceeding. A petition for judicial review "must be served upon the agency and every party," NRS 233B.130(5), but the statute does not specify the

20-25290

method of service. In this appeal, we consider whether service of a petition for judicial review of an agency's decision requires personal service under NRCP 4.2(a), or whether some alternative method of service under NRCP 5(b) will suffice.[1] We conclude that it does not require personal service. A petition for judicial review is best construed in this context as a post-complaint filing, so personal service is unnecessary and an alternative method of service under NRCP 5(b) will instead suffice.

## FACTS

This dispute arose when appellant Nevada Department of Corrections (NDOC) fired respondent Patricia DeRosa. DeRosa requested a hearing, and the hearing officer reversed NDOC's decision, restoring DeRosa's employment. NDOC petitioned the district court for judicial review and served the petition on DeRosa by mailing it to her counsel under NRCP 5(b). One week later, DeRosa filed a notice of intent to participate in the proceedings.

Four months later, and nearly a month after NDOC filed its opening brief in the judicial review proceedings, DeRosa moved the district court to dismiss the petition for lack of personal service. She argued that NRS 233B.130(5) requires personal service and that NDOC had failed to properly serve her because it served only her counsel, and only by mail.

Two days later, NDOC mailed the petition to DeRosa. Then it filed an opposition to DeRosa's motion to dismiss, citing two unpublished

---

[1]We recently amended both rules. When the district court issued the order on appeal, NRCP 4.2(a)'s provisions were in NRCP 4(d)(6) (amended eff. March 1, 2019), and NRCP 5(b)(2)(C)'s service-by-mail provisions were in NRCP 5(b)(2)(B) (amended eff. March 1, 2019). Because the amendments do not affect the outcome of this appeal, we refer to both rules by their amended rule and subsection numbers.

dispositions in which we held that personal service of a petition for judicial review is unnecessary and that service by mail is sufficient. Alternatively, it requested an extension of the 45-day service deadline, which had passed several months earlier, so that it could personally serve DeRosa.

The district court granted dismissal, concluding that NRS 233B.130(5) requires personal service and denying NDOC an extension because it failed to show good cause. NDOC now appeals, challenging the district court's conclusion that personal service is necessary.

## DISCUSSION

NRS Chapter 233B provides for judicial review of an administrative agency's decision but does not specify a method of service for a petition for judicial review. Without specific guidance from the statutes, one of two service rules must apply here. NRCP 4.2(a) requires personal service of a complaint or other document that initiates a civil action, and the district court concluded that this rule applies to petitions for judicial review. NRCP 5(b) allows for other methods of service for post-complaint filings, and NDOC argues the district court erred by not applying this rule to the petition for judicial review. We agree with NDOC that the district court erred by requiring personal service of the petition and that NDOC properly served DeRosa by simply mailing the petition to her counsel under NRCP 5(b), so we reverse and remand for further proceedings.

We review issues of statutory construction de novo. *Dezzani v. Kern & Assocs., Ltd.*, 134 Nev. 61, 64, 412 P.3d 56, 59 (2018). NRS 233B.130(5) provides that a "petition for judicial review . . . must be served upon" opposing parties but does not specify a method of service. Because "the NRCP govern proceedings under [NRS Chapter 233B]" when not in conflict with the statutes, *Prevost v. State Dep't of Admin.*, 134 Nev. 326, 328 n.3, 418 P.3d 675, 676 n.3 (2018), one of two rules provides the method

of service: either NRCP 4.2(a), which requires personal service of a summons and complaint; or NRCP 5(b), which allows other methods of service, including mail, for post-complaint pleadings and other papers. So the essential question is whether a petition for judicial review is best construed as a complaint or instead as a post-complaint pleading.

The primary purpose of requiring personal service of a summons and complaint is ensuring that a party has actual notice of a suit and an opportunity to defend. *Orme v. Eighth Judicial Dist. Court*, 105 Nev. 712, 715, 782 P.2d 1325, 1327 (1989). But a petition for judicial review involves ongoing proceedings, like an appeal, and only parties to those proceedings may be named as respondents. NRS 233B.130(2)(a); *see also Fitzpatrick v. State ex rel. Dep't of Commerce, Ins. Div.*, 107 Nev. 486, 488, 813 P.2d 1004, 1005 (1991) (describing judicial review as "taking an administrative appeal"); *Crane v. Cont'l Tel. Co. of Cal.*, 105 Nev. 399, 401, 775 P.2d 705, 706 (1989) (explaining that district courts have statutory "appellate jurisdiction over official acts of administrative agencies"). The advisory committee note on NRCP 3, which addresses a petition that "initiates a civil action," and which DeRosa cites to support her argument that personal service is required, is inapplicable for this reason. Because all the parties are already aware of the underlying matter, a petition for judicial review is best construed as a post-complaint pleading in this context and a more relaxed standard of service is appropriate. *Cf.* NRAP 25(c)(1)(B) (providing that an appellant may serve a notice of appeal by mail). Personal service of a petition for judicial review is therefore unnecessary, and NRCP

5(b)'s alternative methods of service will instead suffice.[2]

## CONCLUSION

We conclude that NRS 233B.130(5) does not require personal service. A petition for judicial review is best construed in this context as a post-complaint pleading, so personal service is unnecessary and an alternative method of service under NRCP 5(b) will instead suffice. NDOC complied with NRS 233B.130(5) by mailing a copy of its petition to DeRosa's attorney under NRCP 5(b). Because the district court erred by determining otherwise, we reverse its dismissal order and remand for further proceedings.[3]

_____, J.
Parraguirre

We concur:

_____, J.
Hardesty

_____, J.
Cadish

---

[2]Other jurisdictions agree. *See Hilands Golf Club v. Ashmore*, 922 P.2d 469, 474 (Mont. 1996) (holding for similar reasons that a rule analogous to NRCP 5(b) is "the more logical choice for effecting service" of a petition for judicial review under the Montana Administrative Procedure Act); *accord Douglas Asphalt Co. v. Ga. Pub. Serv. Comm'n*, 589 S.E.2d 292, 293-94 (Ga. Ct. App. 2003) (holding that because the Georgia Administrative Procedure Act does not expressly require personal service or otherwise specify how to perfect service, service by mail suffices); *Jaco v. Dep't of Health, Bureau of Medicaid*, 950 S.W.2d 350, 352 (Tenn. 1997) (holding that petitioners for judicial review need not serve summonses).

[3]We need not reach NDOC's argument that the district court abused its discretion by denying its motion for an extension.